DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ABNER ZAMBRANO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-3502

[August 5, 2026]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Daliah Handel Weiss, Judge; L.T. Case No. 502017CF001610XXXXMB.

Jason T. Forman of Law Offices of Jason T. Forman, P.A., Fort Lauderdale, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Abner Zambrano appeals from an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief based on newly discovered evidence. As the motion was legally sufficient and its allegations were not conclusively refuted by the record, we reverse and remand for the lower court to conduct an evidentiary hearing.

## I.    FACTUAL AND PROCEDURAL HISTORY

In 2018, Zambrano was convicted of lewd or lascivious exhibition after two child victims testified that Zambrano intentionally exposed his penis to them. The trial court sentenced Zambrano to eighteen months in prison followed by three years of sex offender probation. We affirmed the judgments and sentences in *Zambrano v. State,* 273 So. 3d 1000 (Fla. 4th DCA 2019).

After an initial rule 3.850 motion alleging ineffective assistance was denied, Zambrano filed a successive motion in 2024 alleging newly

discovered evidence. This evidence consisted of affidavits from the two victims stating that Zambrano's exposure was accidental and unintentional. Specifically, the victims attested that Zambrano, who was in a relationship with the victims' mother at the time, was dancing in front of them when his loose, baggy pants fell down, and his penis was accidentally exposed. The victims asserted that Zambrano "did not do this intentionally and there was nothing done that was sexual or lewd about it." Finally, the victims stated that they had disclosed this information in 2023, which was the first time they had come forward and were willing to assist Zambrano.

Zambrano asserted that the affidavits constituted newly discovered evidence that would probably produce an acquittal on retrial. Zambrano noted that the sole basis for the charge was the victims' testimony, and their statements in the affidavits were consistent with Zambrano's trial defense that any exposure was the result of his pants accidentally falling down while he was dancing.

After ordering the State to file a response, the lower court summarily denied the motion because the affidavits consisted of inadmissible opinion testimony as to Zambrano's intent when he exposed his penis. The court also found that the affidavits did not negate statements which Zambrano had made during a controlled call with the victims' mother that was entered into evidence at trial. This timely appeal follows.

## II.   APPLICABLE LAW

Rule 3.850 provides a two-year limitation period for motions for postconviction relief. Fla. R. Crim. P. 3.850(b). However, the rule allows a motion to be filed "beyond the two-year limitation when the motion is based on newly discovered evidence that (1) was unknown to the parties and/or their attorneys at the time of trial and could not have been ascertained by the exercise of due diligence and (2) probably would result in an acquittal on retrial." *Schultheis v. State*, 125 So. 3d 932, 934 (Fla. 4th DCA 2013). The rule requires a claim based upon newly discovered evidence be filed "within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1).

"The summary denial of a newly discovered evidence claim will be upheld if the motion is legally insufficient or its allegations are conclusively refuted by the record." *Asay v. State*, 210 So. 3d 1, 22 (Fla. 2016). "The newly discovered evidence will probably produce an acquittal on retrial if it weakens the case against the defendant so as to give rise to a reasonable

doubt as to his culpability." *Id.* (marks and citation omitted). Without an evidentiary hearing on the claim, the reviewing court must accept the allegations in the affidavits as true unless such allegations are "inherently incredible." *McLin v. State*, 827 So. 2d 948, 955 (Fla. 2002) (citations omitted).

## III.   ANALYSIS

On appeal, Zambrano argues that the lower court improperly denied his motion without an evidentiary hearing.  We agree.

Zambrano's motion was filed within two years of the victims' affidavits asserting they first came forward in 2023 and that Zambrano could not have discovered the information before that time.  Accordingly, the motion was timely under Florida Rule of Criminal Procedure 3.800(b).[1]

We further find that the affidavits are sufficient to require an evidentiary hearing.  In the affidavits, the victims stated that while Zambrano was dancing, his loose, baggy pants fell, and his penis was accidentally exposed.  The affidavits further stated that Zambrano did not expose himself intentionally and the incident was not "sexual or lewd." The affidavits' allegations are not inherently incredible and therefore must be accepted as true.  *McLin*, 827 So. 2d at 955.  Further, as the affidavits' allegations directly support Zambrano's defense theory that the exposure was accidental rather than intentional, the affidavits are sufficient to meet the pleading requirements for the second prong of a newly discovered evidence claim.  *See Asay*, 210 So. 3d at 22 ("The newly discovered evidence will probably produce an acquittal on retrial if it weakens the case against the defendant so as to give rise to a reasonable doubt as to his culpability.") (marks and citation omitted).

In denying the motion, the lower court first found that because the affidavits consisted of opinion testimony as to Zambrano's intent, the testimony would be inadmissible at retrial.  *See Dailey v. State*, 279 So. 3d

---

[1] The State's response below argued the affidavits did not consist of newly discovered evidence because, at trial, Zambrano had attempted to elicit from the victims that the exposure was accidental.  To the extent the lower court adopted the State's response in its order denying Zambrano's motion, we reject such an argument.  *See Archer v. State*, 934 So. 2d 1187, 1194 (Fla. 2006) (finding that a witness's recantation "is not precluded from being considered newly discovered evidence simply because the defendant knew, as reflected by what the defendant claimed the facts to be, that the recanting witness was not telling the truth at the time of the trial").

3

1208, 1213 (Fla. 2019) ("[R]egardless of whether the evidence meets the threshold requirement by qualifying as newly discovered, no relief is warranted unless the evidence would be admissible at trial.") (marks and citation omitted).  This finding was only partially correct.

"Generally, a lay witness may not testify in terms of an inference or opinion, because it usurps the function of the jury."  *Floyd v. State*, 569 So. 2d 1225, 1231–32 (Fla. 1990) (citation omitted).  However, a lay witness is permitted to testify in the form of opinion or inference as to what the witness perceived when:

> (1)  The witness cannot readily, and with equal accuracy and adequacy, communicate what he or she has perceived to the trier of fact without testifying in terms of inferences or opinions and the witness's use of inferences or opinions will not mislead the trier of fact to the prejudice of the objecting party; and

> (2)  The opinions and inferences do not require a special knowledge, skill, experience, or training.

§ 90.701, Fla. Stat. (2025).  "Thus, opinion testimony of a lay witness is only permitted if it is based on what the witness has personally perceived."  *Stukins v. State*, 418 So. 3d 168, 174 (Fla. 4th DCA 2025) (marks and citations omitted).

The lower court was correct that the victims would not be permitted to testify as to whether Zambrano had acted with lewd or sexual intent when his penis was exposed.  *See Bryant v. State*, 17 So. 3d 713, 715–16 (Fla. 4th DCA 2009) ("While a witness may describe another person's appearance and mental state, he should not testify to that person's undisclosed intent or motive.") (citation omitted).  However, the victims' opinion that Zambrano's exposure was accidental was based directly on what they had personally perceived—Zambrano dancing and his loose, baggy pants falling down.  Such an opinion may be admissible.  *Cf. Stukins*, 418 So. 3d at 174-75 (determining detective's testimony that he did not think the shooting was accidental was "impermissible lay opinion testimony" because it "was based entirely on information conveyed to him, not from his personal perceptions").

Even if some of the affidavits' allegations were inadmissible, the victims' fact-based perceptions would be admissible on retrial.  The victims stated in the affidavits that Zambrano was dancing when his loose, baggy pants began to fall because he was not wearing a belt.  As Zambrano was not

4

wearing underwear, his penis was exposed. Zambrano then quickly pulled his pants up to cover himself. As these observations do not constitute improper lay opinion, they would be admissible.

The lower court also denied Zambrano's claim based on its determination that the affidavit testimony would not result in an acquittal on retrial, because the affidavits did not negate Zambrano's statements in a controlled call with the victims' mother. We disagree.

During the controlled call, Zambrano repeatedly denied intentionally exposing himself to the victims, and repeatedly claimed any exposure was accidental due to his pants slipping down while he was dancing. Zambrano also repeatedly challenged the victims' veracity, including their claims that Zambrano had intentionally showed his penis to them. While Zambrano also made statements during the call that could imply guilt— such as his desire to avoid involving law enforcement and his admitting he may have told the victims not to say anything about what happened—as a whole, the controlled call is not sufficient to conclusively refute the affidavit testimony. Accordingly, an evidentiary hearing is required. *See McLin*, 827 So. 2d at 956 ("[O]rdinarily an evidentiary hearing is required for the trial court to properly determine . . . whether the newly discovered evidence is of such nature that it would probably produce an acquittal on retrial.") (marks and citation omitted).

Finally, we reject the State's argument on appeal that the affidavits were cumulative to other trial evidence. While the State is correct that a court should consider whether the new evidence is cumulative to other evidence, *Williamson v. State*, 961 So. 2d 229, 234 (Fla. 2007), the affidavit testimony here cannot reasonably be categorized as such. One victim's prior inconsistent statement elicited during cross-examination that Zambrano's penis "flopped" out during the incident is not equivalent to the both victims' affidavit allegations that Zambrano's pants fell down while he was dancing and his penis was accidentally exposed.

As Zambrano's claim of newly discovered evidence was facially sufficient and not conclusively refuted by the record, the lower court erred in denying the claim without holding an evidentiary hearing on the matter. *See Floyd v. State*, 202 So. 3d 137, 140 (Fla. 2d DCA 2016) (noting that when making a determination of whether newly discovered evidence is of such a nature that it would probably produce an acquittal on retrial, "an evidentiary hearing is the general rule rather than the exception") (citation omitted). Accordingly, we reverse and remand for such a hearing.

*Reversed and remanded.*

5

MAY, FORST and SHAW, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***